United States Bankruptcy Court

Central District of California

In re:  Case No. 19-10735-RC

Maria Socorro Gallegos  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-9  User: admin  Page 1 of 2
Date Rcvd: Oct 31, 2022  Form ID: pdf042  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 02, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Maria Socorro Gallegos, 1057 Vaquero Circle, Oxnard, CA 93030-6173 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 02, 2022  Signature:  /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 31, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Arvind Nath Rawal | on behalf of Creditor Ally Financial c/o AIS Portfolio Services, LP arawal@aisinfo.com |
| Diane Weifenbach | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST diane@attylsi.com bankruptcy1@attylsi.com |
| Elizabeth (ND) F Rojas (TR) | cacb_ecf_nd@ch13wla.com |
| Jenelle C Arnold | on behalf of Creditor Ally Financial ecfcacb@aldridgepite.com jarnold@ecf.courtdrive.com |
| Jenelle C Arnold | on behalf of Interested Party Courtesy NEF ecfcacb@aldridgepite.com jarnold@ecf.courtdrive.com |
| Misty A Perry Isaacson | |

District/off: 0973-9 | User: admin | Page 2 of 2
Date Rcvd: Oct 31, 2022 | Form ID: pdf042 | Total Noticed: 1

Misty A Perry Isaacson
   on behalf of Interested Party Courtesy NEF misty@ppilawyers.com ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net

   on behalf of Creditor Aldea Del Mar Homeowners Association misty@ppilawyers.com ecf@ppilawyers.com;pagterandperryisaacson@jubileebk.net

Nancy L Lee
   on behalf of Interested Party Courtesy NEF bknotice@mccarthyholthus.com nlee@ecf.courtdrive.com

Scott Kosner
   on behalf of Debtor Maria Socorro Gallegos tyson@tysonfirm.com

Tyson Takeuchi
   on behalf of Debtor Maria Socorro Gallegos tyson@tysonfirm.com albert@tysonfirm.com;armen@tysonfirm.com

United States Trustee (ND)
   ustpregion16.nd.ecf@usdoj.gov

Valerie Smith
   on behalf of Interested Party Courtesy NEF claims@recoverycorp.com

TOTAL: 12

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Misty Perry Isaacson, CA SBN 193204
PAGTER AND PERRY ISAACSON
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, California 92701
Telephone: (714) 541-6072
Facsimile: (714) 541-6897
Email: misty@ppilawyers.com

☒ *Attorney for Movant*
☐ *Movant appearing without an attorney*

FOR COURT USE ONLY

**FILED & ENTERED**

**OCT 31 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** ortiz **DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*NORTHERN* DIVISION**

In re:

MARIA SOCORRO GALLEGOS,

Debtor(s).

CASE NO.: 9:19-bk-10735-RC

CHAPTER: 13

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**

DATE: 11/30/2021 (Original Hearing Date/Time)
TIME: 11:30 a.m.
COURTROOM: 201
PLACE: 1415 State St., Santa Barbara, CA 93101

**Movant:**

**ALDEA DEL MAR GLEN HOMEOWNERS ASSOCIATION**

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    *Street address*:    1057 Vaquero Circle
    *Unit/suite numbe*r:
    *City, state, zip code*:    Oxnard, CA 93030

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.RP.ORDER**

Legal description or document recording number (including county of recording): (County of Ventura)

Property Description: A PARCEL OF LAND LOCATED IN THE STATE OF CA, COUNTY OF VENTURA, WITH A SITUS ADDRESS OF 1057 VAQUERO CIR, OXNARD CA 93030-6173 R008 CURRENTLY OWNED BY GALLEGOS ARMANDO / GALLEGOS MARIA S HAVING A TAX ASSESSOR NUMBER OF 215-0-141-205 AND BEING THE SAME PROPERTY MORE FULLY DESCRIBED AS TRACT: 514803 LOT: 77 REF: 142MR 54 CONDO PLAN: 000193811 UNIT# 50 AND DESCRIBED IN DOCUMENT NUMBER 133219 DATED 8/10/2010 AND RECORDED 9/7/2010.

☐ See attached page.

The Motion is granted under:

a. ☒ 11 U.S.C. § 362(d)(1)

b. ☐ 11 U.S.C. § 362(d)(2)

c. ☐ 11 U.S.C. § 362(d)(3)

d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

   (2) ☐ Multiple bankruptcy cases affecting the Property.

   (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

   (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

3. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit ____ to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

4. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

5. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

6. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

7. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

8. ☒ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                            Page 2                                        **F 4001-1.RFS.RP.ORDER**

9. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

10. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

11. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

12. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ Other (*specify*):

###

Date: October 31, 2022

Ronald A. Clifford III
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 4001-1.RFS.RP.ORDER**